UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

L & L PAINTING CO., INC.,                          ECF CASE

                    Plaintiff,                   08 CIV 3559 (SAS)

     -against-


ODYSSEY CONTRACTING CORP.,

                    Defendant.
------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................................1

BACKGROUND .............................................................................................................................1

ARGUMENT ..................................................................................................................................2

POINT I    ODYSSEY WAIVED ITS RIGHT TO REMOVE THIS ACTION ........................2

    A.    Article 26(b) of the Subcontract. ..........................................................................2

    B.    "Not Subject To The Prime Contract" ...................................................................4

CONCLUSION ...............................................................................................................................8

                                                    NY #1708615 v1

## <u>TABLE OF AUTHORITIES</u>

### STATUTES

28 U.S.C.A. 1332...................................................................................................2

29 U.S.C.A. 185....................................................................................................3

### FEDERAL AND STATE CASES

*Ardsley Construction Co., Inc. v. The Port Authority of New York,*
    61 A.D.2d 953, 403 N.Y.S.2d 43 (1st Dep't 1978)................................................6

*Bellevue South Associates v. Heckler Electric Co. Inc.,* 95 A.D.2d 721, 464 N.Y.S. 129
    (1st Dep't 1983), *aff'd* 62 N.Y.2d 873, 478 N.Y.S.2d 864 (1984)............................6

*City of New York v. Pullman, Inc.*, 477 F. Supp. 438 (S.D.N.Y. 1977)..............................2

*Degnon Contracting Company v. City of New York*, 235 N.Y. 481 (1923)...........................6

*District No. 1 – Pacific Coast District v. Trinidad Corp.,*
    583 F. Supp. 262 (S.D.N.Y. 1984)..................................................................3

*Elliot Associates, L.P. v. The Republic of Panama,*
    1996 WL 474173  (S.D.N.Y. Aug. 21, 1996)......................................................3

*Karl Koch Erecting Co., Inc v. New York Convention Center Development Corporation,*
    838 F.2d 656 (2d Cir. 1988)........................................................................4

*Skanska Tunneling, Inc. v. City of New York,*
    247 A.D.2d 344, 669 N.Y.S.2d 212 (1st Dep't 1998).........................................4

### NEW YORK CITY ADMINISTRATIVE LAW CASES

*URS Corp. v. New York City Department of Design and Construction,*
    OATH Index No. 1448/07 (May 18, 2007)..........................................................5

*Kreisler Borg Florman/L.A. Wenger Contracting Co., Inc. v.  Department of Design &*
*Construction*, OATH Index No. 1088/03 (June 11, 2003).............................................5

### RULES

New York City Procurement Policy Board Rule 4-09...................................................4

NY #1708615 v1

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of the motion by Plaintiff L&L Painting Co., Inc. for an order remanding this action to New York Supreme Court.

## BACKGROUND

The relevant background is set forth at length in the accompanying Affidavit by Charles Fastenberg sworn to May 13, 2008 ("Fastenberg Affidavit").

By way of summary, Plaintiff L&L Painting Co. Inc. ("L&L") is the Prime Contractor, and Defendant Odyssey Contracting Corp. ("Odyssey") its former subcontractor, on a public improvement project for the City of New York (the "City") calling for the Repainting of the Queensboro Bridge, Counties of Manhattan and Queens (the "Project"). L&L entered into a Prime Contract with the City in connection with the Project in or about 2003 (the "Prime Contract"). Thereafter, in or about March 2004, L&L entered into a subcontract with Odyssey, whereby Odyssey agreed to perform certain specified work at the Project (the "Subcontract").

On April 9, 2008, L&L commenced the instant action against Odyssey by filing a Summons With Notice in New York State Supreme Court, New York County. The Summons With Notice alleges that Odyssey breached the Subcontract by, among other things, terminating and abandoning its subcontract work on April 1, 2008, while such work was still in progress. The Summons With Notice seeks damages for Odyssey's breach in an amount not less than $3,000,000.

The next day, April 10, 2008, Odyssey commenced a separate action against L&L in this Court by filing a Summons and Complaint (Index No. 08 CV 3491). Odyssey's Complaint alleges that L&L breached the parties' Subcontract and seeks payment of more than $6,000,000 allegedly due for work performed and a further sum of more than $12,000,000 for other alleged breaches by L&L during the course of Odyssey's work. Odyssey's Complaint

alleges that it is a citizen of Pennsylvania; that L&L is a New York corporation; and, that the

Court has diversity jurisdiction over the action pursuant to 28 U.S.C.A. §1332.

On April 14, 2008, Odyssey removed to this Court the instant action commenced

by L&L against Odyssey by filing a Notice of Removal alleging that this Court has diversity

jurisdiction over such action.

This motion seeks remand of L&L's action against Odyssey to New York

Supreme Court on the ground that under the express terms of the Subcontract (Article 26(b)),

Odyssey waived its right to remove actions L&L commences against it in New York Supreme

Court.

## POINT I

### ODYSSEY WAIVED ITS RIGHT TO
### REMOVE THIS ACTION.

#### A.     Article 26(b) of the Subcontract

By the terms of Article 26 (b) of the parties' Subcontract, Odyssey expressly

waived its right to remove to this Court any action commenced against it by L&L in New York

State Supreme Court. Article 26 (b) provides:

> "With respect to any action between the Contractor and the
> Subcontractor in New York State Court, that is not subject to the
> Prime Contract, the Subcontractor hereby expressly waives and
> relinquishes any rights it might otherwise have (i) to move to
> dismiss on grounds of forum non conveniens, (ii) to remove to
> Federal Court; and (iii) to move for a change of venue to a New
> York State Court outside New York County."

Clearly, such contractual clauses expressly waiving the right to remove actions to

the federal courts are enforceable.  Compare *City of New York v. Pullman, Inc.*, 477 F. Supp.

438, 442 (S.D.N.Y. 1977) ("[i]f the purpose was to preclude a federal forum, explicit language to

that effect would have foreclosed any issue on the matter"). Article 26(b) is dispositive of this motion.

In *Elliot Associates, L.P. v. The Republic of Panama*, 1996 WL 474173, *1-2 (S.D.N.Y. Aug. 21, 1996), a loan agreement provided that "Borrower ... [the defendant] irrevocably waives any right it may now or hereafter have to remove to a United States federal court any action brought hereunder or under the Notes in a state court of the State of New York." Though a question was presented in *Elliot* whether a state court action removed to this Court had been commenced after the loan agreement had been amended to delete the waiver clause, this Court held that the action was covered by the pre-amendment waiver. Accordingly, the Court remanded the action, holding as follows:

> "This action, however, was brought prior to the amendment and the contract at issue is the pre-amendment Agreement. As to this action, Panama 'irrevocably' waived its right of removal. Second, the Waiver is enforceable. Several courts have either held or implied that a clear and unequivocal waiver of the right to removal clause is valid, even in an action involving a foreign state ... [cases cited]." 1996 WL 472173, *2.

To similar effect is *District No. 1 – Pacific Coast District v. Trinidad Corp.*, 583 F. Supp. 262, 263-65 (S.D.N.Y. 1984). There, the parties' collective bargaining agreement was held to waive the parties' right to remove to federal court any proceedings seeking to confirm or challenge an arbitrator's award. Notwithstanding the conferral of federal jurisdiction under §301 of the Labor Management Relations Act, 29 U.S.C.A. §185, and the Court's recognition that there may be sound policy reasons for confining labor disputes to the federal courts, an action to confirm an arbitration award which had been removed from state court was remanded on the ground that the contractual waiver was "knowing and explicit." 583 F. Supp. at 266, 267. Remand of the action was ordered even though enforcement of the waiver might produce "conflicting results." 583 F. Supp. at 267.

NY #1708615 v1

This action may not be removed.  Compare *Karl Koch Erecting Co., Inc v. New York Convention Center Development Corporation,* 838 F.2d 656, 659 (2d Cir. 1988) (New York State forum selection clause deemed a waiver of the right of removal).

### B.    "Not Subject To The Prime Contract"

Article 26(b) covers actions that are "not subject to the Prime Contract." However, since the instant action clearly is "not subject to the Prime Contract," this language does not in any manner negate the waiver under that Article.

The phrase "not subject to the Prime Contract," as it appears in Article 26(b), refers to actions that are not subject to the mandatory dispute resolution procedure set forth in Article 27 of the Prime Contract, which incorporates section 4-09 of the New York City Procurement Policy Board Rules (the "PPB Rules").  Under this mandatory dispute resolution procedure, claims against the City for "extra work" or "out of scope" work are to be resolved *"exclusively"* through various administrative reviews including, among others, review by the City's Contract Dispute Resolution Board ("CDRB").  (*See* Prime Contract at Articles 27.1 (emphasis added), 27.1.2; 27.6; PPB Rules at sections 4-09 (a), (a) (2), (f), (g).)  Following these administrative reviews, the sole judicial recourse for an unsuccessful claimant is an Article 78 proceeding in New York Supreme Court.  (*See* Prime Contract at Article 27.7.6 ; PPB Rules at section 4-09(g) (6).)

*See also Skanska Tunneling, Inc. v. City of New York*, 247 A.D.2d 344, 669 N.Y.S.2d 212 (1st Dep't 1998) (extra work claims on City project must be resolved through the designated dispute resolution procedure and not through an action in State Supreme Court).

Article 19 of the parties' Subcontract provides that if Odyssey asserts such extra work claims, the claims may be presented by L&L to the City on Odyssey's behalf in accordance

NY #1708615 v1

with the mandatory dispute resolution procedure; and, further, that Odyssey is bound by the

result.  In pertinent part, Article 19 provides:

> "It is agreed that in the event the Prime Contract contains a
> provision, hereinafter called 'disputes' clause, whereby claims may
> be resolved under an administrative procedure or by arbitration,
> then as to any claims of Subcontractor for or on account of acts or
> omissions of the Owner or Owner's Representative which are not
> disposed of by agreement, the Contractor agrees to present to the
> Owner, in Contractor's name all of Subcontractor's claims for
> additional monetary compensation…. Subcontractor agrees to be
> bound by the procedure and final determinations as specified in
> any such Disputes clause, and agrees that it will not take, or will
> suspend, any other action or actions with respect to any such terms
> and will purse no independent litigation with respect thereto,
> pending final determination under such Disputes clause."

Contractual clauses such as Article 19, which "pass through" a subcontractor's claims to the

prime contractor for resolution with the owner in accordance with the dispute resolution

procedure set forth in the prime contract, are conventional and consistently upheld by the

governing case law – specifically including claims that are subject to the City's dispute

resolution procedure here under consideration.

For example, as was recently noted by the CDRB, "… the Comptroller's office

has informed contractors that they may submit claims on the subcontractor's behalf, subject to

the specifications in the PPB rules or contract." *URS Corp. v. New York City Department of

Design and Construction*, OATH Index No. 1448/07 (May 18, 2007).

*See also Kreisler Borg Florman/L.A. Wenger Contracting Co., Inc. v.

Department of Design & Construction*, OATH Index No. 1088/03 (June 11, 2003) (CDRB

holding that subcontractor's claims for extra costs must be resolved by construction manager's

presentation of such claims on subcontractor's behalf to the City under the PPB dispute

resolution procedure).

NY #1708615 v1

Compare *Bellevue South Associates v. Heckler Electric Co. Inc.,* 95 A.D.2d 721, 723, 464 N.Y.S.2d 129, 131 (1st Dep't 1983), *aff'd* 62 N.Y.2d 873, 478 N.Y.S.2d 864 (1984) (subcontractor claims presented by general contractor to owner are subject to arbitration agreement between general contractor and owner); *Ardsley Construction Co., Inc. v. The Port Authority of New York,* 61 A.D.2d 953, 953-54, 403 N.Y.S.2d 43, 44-45 (1st Dep't 1978) (upholding prime contractor's prosecution of subcontractor's claims following the Port Authority's refusal to adjust the claims in accordance with procedures set forth in the general contract). *See generally Degnon Contracting Company v. City of New York,* 235 N.Y. 481, 487-88 (1923) (upholding contractor's recovery at trial of subcontractor's extra work claims on a City project).

It is *these* "pass through" claims by Odyssey that are "subject to the Prime Contract" within the meaning of Article 26(b) and that are outside the coverage of that Article. Such extra work claims asserted by Odyssey fall outside the coverage of Article 26(b) because such claims are to be resolved *"exclusively"* through administrative reviews by the designated City agencies and, thereafter, by an Article 78 proceeding in New York Supreme Court. (Prime Contract, *supra,* at Articles 27.1, 27.7.6, emphasis added) Otherwise stated, the venue and forum-related provisions of Article 26(b), which pertain to plenary actions, are inapplicable to claims that are required to be administratively resolved under the City's dispute resolution procedure.

Clearly, L&L's instant action is "not subject to the Prime Contract" within the meaning of Article 26(b). The action is "not subject to the Prime Contract" because it does not assert claims covered by the dispute resolution procedure set forth in the Prime Contract and, in fact, does not assert claims against the City in any respect. Rather, the action is a plenary action

by the prime contractor L&L against the subcontractor Odyssey arising under the Subcontract, and for breach of the Subcontract, which is subject to Article 26(b) and the waiver of removal clause therein.

Separate from the foregoing, and in any event, it is clear that even assuming *arguendo* that the instant action is "subject to the Prime Contract," the action still would be incapable of being removed to this Court. In particular, if this action were assumed to be subject to the Prime Contract, it would in that event be subject to Article 65.2.2 of the Prime Contract, which contains virtually the same waiver of removal clause that is contained in Article 26(b) of the Subcontract. Article 65.2.2 provides:

> "65.2.2  With respect to any action between the City and the Contractor in New York State Court, the Contractor hereby expressly waives and relinquishes any rights it might otherwise have:
> > 65.2.2(a)  To move to dismiss on grounds of forum non conveniens;
> > 65.2.2(b)  To remove to Federal Court; and
> > 65.2.2(c)  To move for a change of venue to a New York State Court outside New York County."

In all events, there is no basis for removing the action to this Court.

NY #1708615 v1

## CONCLUSION

Odyssey waived its removal rights and the Court should issue an order remanding this action to New York State Supreme Court, New York County, and directing that all steps and actions necessary to effectuate such remand be taken, and for such other and further relief as the Court deems just and proper including, without limit, the costs and fees of this motion and attorney's fees.

Dated:   New York, New York
          May 13, 2008

                                     Respectfully submitted,

                                     s/ Charles Fastenberg
                                     Charles Fastenberg (CF 8966)
                                     Counsel

                                     Thelen Reid Brown Raysman & Steiner LLP
                                     Attorneys for Plaintiff L&L Painting Co., Inc.
                                     875 Third Avenue
                                     New York, New York  10022
                                     (212) 603-6589

Of Counsel:

*Charles Fastenberg*
*Jose A. Aquino*
*Meghan D. Andry* (awaiting admission)

8

NY #1708615 v1