UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
L & L PAINTING CO., INC.,

                                                   08 Civ. 3559

                          Plaintiff,

         - against -

ODYSSEY CONTRACTING CORP.,

                          Defendant.
------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION

GEORGOULIS & ASSOCIATES PLLC
Attorneys for Defendant
45 Broadway, 14th Floor
New York, New York 10006
(212) 425-7854

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted by defendant Odyssey Contracting Corp. ("Odyssey Contracting") in opposition to the motion by plaintiff L & L Painting Co., Inc. ("L & L Painting") to remand this action to the Supreme Court, New York County.

Removal was proper pursuant to 28 U.S.C. § 1441(a). Odyssey Contracting did not waive its right to remove cases that are subject to the prime contract such as this action.

## FACTS

The relevant facts are set forth in the affidavit of Stavros N. Semanderes and the affirmation in support. In the interests of brevity, the Court is respectfully referred thereto for a full statement of the facts.

ARGUMENT

POINT I

## THIS ACTION IS SUBJECT TO THE PRIME CONTRACT

Each of the four subcontracts provides at Sections 26(b) and (c) that:

> (b)     With respect to any action between the Contractor and the Subcontractor in New York State Court, **that is not subject to the Prime Contract**, the Subcontractor hereby expressly waives and relinquishes any rights it might otherwise have … to remove to Federal Court ….

> (c)     With respect to any action between the Contractor or the Subcontractor in Federal Court, **that is not subject to the Prime Contract**, the action should be venued in the Southern District of New York, New York City Courthouse. The **Contractor** expressly waives and relinquishes any

1

right it might otherwise have to move to transfer the action to a United States
Court outside the Southern District, New York City Courthouse.

(emphasis added).

Stated simply, section 26(b) provides that Odyssey Contracting may remove any action
that is subject to the prime contract. Section 26(c) provides that Odyssey Contracting may bring
an action in this Court and L & L Painting waives any right that it may have to transfer the case
to another federal court. Section 26(d) further provides that any action will be transferred to a
court located in New York County if it is commenced elsewhere.

This action is subject to the prime contract. Odyssey Contracting's first three causes of
action seek payment for work performed. As set forth at length in the affirmation in support, the
four subcontracts provide in sections 3(b) and 3(c) that the prime contract governs the timing and
the amounts of the payments to be made by L & L Painting to Odyssey Contracting. The claims
for payment are subject to the prime contract in that the following facts, among others, will be
relevant: (a) the amounts approved by the NYCDOT for Odyssey Contracting's work; (b) the
amounts paid by the NYCDOT to L & L Painting for Odyssey Contracting's work; (c) the dates
that the NYCDOT made payments to L & L Painting that were, at least in part, for Odyssey
Contracting's work; and (d) any release of retainage by the NYCDOT to L & L Painting.

There are also two claims by Odyssey Contracting that are dependent for their resolution
upon proceedings commenced against the NYCDOT pursuant to the prime contract's dispute
resolution provisions. These claims are subject to the prime contract, even if L & L Painting's
interpretation of the phrase "not subject to the prime contract" is accepted.

Odyssey Contracting's fifth cause of action seeks to recover its costs incurred in repairing
and repainting the areas that were damaged in a fire. Odyssey Contracting seeks to recover these
monies from L & L Painting because it was L & L Painting's negligence that allowed the fire to

2

start and/or spread.  However, a claim was also submitted by L & L Painting to the NYCDOT in

which L & L Painting is seeking to recover both its increased costs as well as Odyssey

Contracting's increased costs due to the fire.  L & L Painting's claim is based on its argument that

L & L Painting was not responsible for the fire.

As required by the prime contract, the fire claim was presented to the New York City

Office of Administrative Trials and Hearings, Contract Dispute Resolution Board ("CDRB").  In

a decision dated February 8, 2008, the CDRB denied the fire claim and L & L Painting is now

preparing an Article 78 proceeding to challenge this decision.  The resolution of L & L Painting's

claim against the NYCDOT primarily involves a determination of L & L Painting's obligations

under the prime contract to protect the work area and related issues.  To the extent that L & L

Painting succeeds against the NYCDOT in obtaining payment for the extra work performed by

Odyssey Contracting, it is expected that L & L Painting will pay these monies to Odyssey

Contracting and Odyssey Contracting will reduce its claim against L & L Painting accordingly.

Similarly, Odyssey Contracting's sixth cause of action is subject to the prime contract's

dispute resolution provisions.  Odyssey Contracting's sixth cause of action seeks to recover for

its increased costs to perform its work adjacent to the outer roadways due to L & L Painting's

withholding and/or misrepresentation of the plans and designs for this work.  Specifically, there

was a dispute regarding the heights of the platforms that had to be constructed over the outer

roadways.  The NYCDOT required that the platforms be constructed 14 feet above the south

outer roadway.  This determination delayed Odyssey Contracting's work and required Odyssey

Contracting to perform a substantial amount of extra work because many electrical cables and

light posts had to be moved to construct the platforms at 14 feet as opposed to the lower height

that Odyssey Contracting had anticipated.  The resolution of this dispute requires an analysis of

the prime contract's plans and specifications for this particular work as well as its general

provisions, including L & L Painting's obligation to seek clarifications from the NYCDOT as to

any ambiguities in the prime contract.

As required by the prime contract, a proceeding to challenge the NYCDOT's

determination was commenced before the CDRB.  The CDRB denied L & L Painting's claim and

the CDRB's decision was challenged in an Article 78 proceeding.  Justice Marcy S. Friedman,

Supreme Court, New York County, denied L & L Painting's petition by an Order dated January

14, 2008 and an appeal has been filed.

If the appeal of the outer roadways claim is successful and the NYCDOT compensates L

& L Painting for the extra work required to construct the platforms at 14 feet, it is anticipated

that L & L Painting will compensate Odyssey Contracting, rendering moot Odyssey

Contracting's sixth cause of action.  In short, the resolution of Odyssey Contracting's sixth cause

of action is also dependent upon a final determination as called for in the prime contract's dispute

resolution provisions.

In a similar case, <u>Trocom Constr. Corp. v. City of New York</u>, May 20, 2008, Appellate

Division, First Dept., 2008 N.Y. App. Div. LEXIS 4316, the claims in the lawsuit were "partially

resolved" in a proceeding before the CDRB and will be partially resolved in Court.  The claims

were not resolved in their entirety in the CDRB proceeding because CDRB could not award the

claimant an incentive bonus for early completion.  The issue of entitlement to the incentive

bonus was, as a preliminary matter, subject to the CDRB's interpretation of the prime contract's

specifications regarding acceptable boring operations because the issue of what type of boring

was to be performed had delayed the project.  Once the CDRB had made a determination as to

the correct interpretation of the prime contract, the contractor could proceed with its lawsuit for

4

the incentive bonus. Thus, lawsuits and CDRB proceedings are sometimes both necessary to resolve a dispute.

The situation herein is similar to Trocom Constr. The final resolution of the fire and platform claims pursuant to prime contract's dispute resolution requirements may dispose of Odyssey Contracting's fifth and sixth causes of action. Odyssey Contracting's other claims may also become subject to CDRB determinations. Trocom Constr. shows both that Odyssey Contracting's claims are subject to the prime contract and that disputes may be "partially resolved" by the CDRB and "partially resolved" in a standard lawsuit.

Based on the foregoing, even accepting L & L Painting's interpretation of the phrase "not subject to the prime contract" at pp. 4-6 of its Memorandum of Law as correct, Odyssey Contracting claims are subject to the prime contract. However, as demonstrated by Trocom Constr., L & L Painting's argument that the CDRB is the exclusive or sole forum for resolving claims subject to the prime contract is incorrect.

In general, a review of the subcontracts shows that most of the rights and obligations are subject to the prime contract. After identifying the parties, the four subcontracts have extensive provisions incorporating the prime contract. As a result, Odyssey Contracting and L & L Painting's rights and obligations are primarily governed by the prime contract. The four subcontracts themselves recognize that most, if not all, disputes that may arise will be subject to the prime contract. The four subcontracts state as follows in section 26: "[A]ll disputes not subject to the Prime Contract, **if any**, shall be subject to the jurisdiction of the Supreme Court of New York, County of New York." (emphasis added).

Based on the foregoing, Odyssey Contracting's claims are "subject to the Prime Contract" and there was no waiver of the right to removal of these claims.

POINT II

## **<u>THE VENUE PROVISION IS NOT A WAIVER</u>**

As set forth above, the four subcontracts provide that actions subject to the prime contract may be brought in either this Court or in New York State Supreme Court.

Forum selection clauses such as sections 26(b), 26(c) and 26(d) that merely put jurisdiction in a federal or state court in a particular location do not constitute an express or implied waiver of the right to remove. <u>Proyecfin de Venezuela, S.A. v. Banco Industrial de Venezuela, S.A.</u>, 760 F.2d 390, 397 (2nd Cir. 1985). By permitting actions in both federal and state court in a particular location, there is no waiver of the right to remove in the four subcontracts. The four subcontracts merely require that the forum be this Court or the Supreme Court, New York County. This requirement may be particularly applicable herein because the work on the bridge took place in New York County, in Queens County and over the East River.

In general, a waiver of a party's statutory right to remove a case to federal court must be clear and unequivocal. <u>See e.g.</u>, <u>Rabbi Jacob Joseph Sch. v. Province of Mendoza</u>, 342 F. Supp.2d 124, 128 (E.D.N.Y. 2004), <u>citing</u> <u>Karl Koch Erecting Co. v. New York Convention Cntr. Dev. Corp.</u>, 838 F.2d 656, 659 (2nd Cir. 1988). If there is any ambiguity, the venue provision is to be interpreted against the drafter, in this case L & L Painting. <u>City of New York v. Pullman Inc.</u>, 477 F. Supp. 438, 443 (S.D.N.Y. 1979).

Assuming arguendo, that Odyssey Contracting's claims are not subject to the prime contract, the venue provision is not a waiver because section 26(c) expressly provides that actions not subject to the prime contract may be litigated in this Court. Odyssey Contracting did

6

not waive its right to litigate in federal court because that right was expressly given to Odyssey Contracting by section 26(c).

Both section 26(b) and 26(c) contain the key phrase "that is not subject to the Prime Contract" in each of the four subcontracts. However, while section 26(b) purports to prohibit removal by Odyssey Contracting, section 26(c) permits Odyssey Contracting to commence an action in the Southern District for the same types of cases. It is clear that section 26(c) grants Odyssey Contracting the right to commence an action in the Southern District, rather than L & L Painting, because it is only L & L Painting who waives any right to transfer an action from the Southern District to any other federal district court.

The contradiction between sections 26(b) and 26(c) cannot be reconciled by making access to this Court dependent upon whether Odyssey Contracting is the plaintiff or defendant. "[R]emovability … cannot rationally be made to depend on the accident of who sues first, or on the niceties of state pleading and practice." George Cohen Agency, Inc. v. Donald S. Perlman Agency, Inc., 69 A.D.2d 725, 419 N.Y.S.2d 584, 590 (2nd Dept. 1979), aff'd, 51 N.Y.2d 358, 434 N.Y.S.2d 189 (1980) citing Bond v. Doig, 433 F. Supp. 243, 247 (D.N.J. 1977).

L & L Painting's argument that "subject to the prime contract" means only those actions that are to be resolved exclusively via the CDRB and related administrative proceedings at pages 4-6 of its Memorandum of Law is not supported by the plain language of the subcontracts. The venue selection provisions state: "With respect to any action between the Contractor and the Subcontractor in New York State Court." Thus, the venue provisions refer to actions where Odyssey Contracting sues L & L Painting, or vice versa. Private parties do not sue each other in administrative proceedings. In an administrative proceeding, there can only be claims by L & L Painting against the NYCDOT. The venue selection provisions' reference to actions "in New

7

York State Court" confirms that L & L Painting's interpretation is incorrect. Administrative proceedings are not commenced in New York State Court, they may only be "appealed" to the New York State Supreme Court via an Article 78 proceeding. Such an Article 78 proceeding against the NYCDOT would not be subject to removal. Accordingly, the meaning of "subject to the prime contract" in the venue selection provisions cannot be restricted to actions which must be pursued administratively such as before the CDRB.

L & L Painting's fallback argument that the prime contract's venue selection provision applies is incorrect for two reasons. First, the specific provisions in the four subcontracts, i.e., sections 26(b), 26(c) and 26(d), override the provisions in the prime contract. Second, it is well-settled law in New York that venue selection provisions in a prime contract are **not** incorporated into subcontracts. S. Leo Harmony, Inc. v. Binks Mfg. Co., 597 F. Supp. 1014, 1024 (S.D.N.Y. 1984), citing Guerini Stone Co. v. P.J. Carlin Constr. Co., 240 U.S. 264, 277 (1916)(forum selection clause in prime contract not incorporated); United States Steel Corp. v. Turner Constr. Co., 560 F. Supp. 871, 874 (S.D.N.Y. 1983)(same); Fischbach & Moore Elec. v. Bell BCI Co., 2004 U.S. Dist. LEXIS 16331 (W.D.N.Y. 2004)(same).

Finally, it should be noted that L & L Painting has not submitted an affidavit supporting its interpretation of the venue provisions. An affidavit from L & L Painting's attorney cannot be used to establish L & L Painting's interpretation, even if he was the person that drafted the four subcontracts for L & L Painting. City of New York v. Pullman, Inc., 477 F. Supp. 438, 442 (S.D.N.Y. 1979)(drafter's subjective intention, undisclosed to other party, does not govern). In addition, any such interpretation would not be binding on Odyssey Contracting because section 27 of the four subcontractors provides that only the express terms of the four subcontracts control. Section 27 is a merger clause.

By contrast, Odyssey Contracting has submitted an affidavit by its president in which he states that he did not understand or believe that Odyssey Contracting was waiving any right to litigate in federal court claims subject to the prime contract.

## CONCLUSION

L & L Painting's motion should be denied in its entirety for the reasons set forth above as well as in Odyssey Contracting's affirmation in opposition and the Semanderes affidavit.

DATED:     New York, New York
           June 4, 2008

                                    Michael McDermott
                                    GEORGOULIS & ASSOCIATES, PLLC
                                    Attorneys for Defendant
                                    45 Broadway, 14th Floor
                                    New York, New York 10006
                                    (212) 425-7854

TO:     Thelen Reid Brown Raysman & Steiner LLP
        Attorneys for Plaintiff
        900 Third Avenue
        New York, New York 10022
        (212) 895-2000

u:\2008 cases\08-129\brie\20080605 mol.doc

9