UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
L & L PAINTING CO., INC.,

                        Plaintiff,

      -against-

ODYSSEY CONTRACTING CORP.,

                        Defendant.
------------------------------------------------------------------x

ECF CASE

08 CIV 3559 (SAS)

**REPLY DECLARATION IN SUPPORT OF MOTION TO REMAND**

      **ANTHONY MARACIC**, declares pursuant to 28 U.S.C. § 1746, under the penalty of perjury:

      1.     I am the Vice-President of L&L Painting Co., Inc. ("L&L") assigned to the Queensboro Bridge Painting Project for the New York City Department of Transportation ("DOT"). In my capacity as such, I have worked in close contact with defendant Odyssey Contracting Corp. ("Odyssey") and its president, Mr. Stavro Semanderes. I have personal knowledge of the matters herein, except for, where indicated, my reliance upon advice of counsel.

      2.     I respectfully submit this Reply Declaration in further support of the motion by L&L for remand of this action to New York State Supreme Court, New York County.

      3.     I am advised by counsel that Odyssey opposes L&L's motion to remand this action based upon the affidavit of Mr. Semanderes, alleging that he did not subjectively understand the waiver of removal clause in Article 26(b) in parties'

Subcontract. I am also advised by counsel that Odyssey's subjective understanding should not be a factor in deciding this motion.

4. Counsel additionally advises that, contrary to the foregoing assertions by Odyssey, Odyssey's subjective understanding and counsel's subjective understanding must yield to the expressed intent of the parties set forth in Article 26(b) of the Subcontract.

5. However, in the event that the Court nevertheless considers Mr. Semanderes' affidavit, I request the Court to also take into account that Mr. Semanderes, on behalf of Odyssey, did not execute the Subcontract blindly or without review or negotiation.

6. Rather, the Subcontract was negotiated and discussed by the parties over a period of several months before it was signed. These discussions are reflected, for example, by the letter dated March 3, 2004 dividing the Subcontract into four separate phases for accounting and convenience purposes (Exhibit "C" to L&L's moving affidavit).

7. Odyssey is a sophisticated and experienced subcontractor in the painting industry and as part of the discussions with L&L, Mr. Semanderes told L&L that Odyssey performs commercial painting work throughout the country.

8. I have also been advised by counsel that Odyssey alleges that this Court has jurisdiction over this action based on Odyssey's alleged status as a Pennsylvania citizen. L&L reserves its rights as to the true citizenship of Odyssey and any affiliated entity that may relevant in this action, as may become appropriate.

9.  I have reviewed the affidavit previously submitted by counsel in support of the motion for remand and agree with and adopt the matters therein.

Dated: Queens, New York
      June 16, 2008

*/s/ Anthony Maracic*
ANTHONY MARACIC

NY #1719890 v1