UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
L & L PAINTING CO., INC.,

                        Plaintiff,

    -against-

ODYSSEY CONTRACTING CORP.,

                        Defendant.
-----------------------------------------------------------------x

ECF CASE

08 CIV 3559 (SAS)

# REPLY MEMORANDUM OF LAW

Of Counsel:

*Charles Fastenberg*
*Jose A. Aquino*
*Meghan D. Andry* (awaiting admission)

NY #1718228 v4

# TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| POINT I ODYSSEY'S OPPOSITION TO THE MOTION IS WITHOUT MERIT | 1 |
| A. Claims Subject to the Disputes Procedure Under The Prime Contract | 1 |
| B. Claims Against L&L | 3 |
| C. Waiver of Removal Under The Prime Contract | 5 |
| D. The Venue and Forum Selection Clauses of the Subcontract | 5 |
| E. Odyssey's Subjective Intent | 8 |
| CONCLUSION | 9 |

# TABLE OF AUTHORITIES

**CASES**

*City of New York v. Pullman, Inc.*,
  477 F. Supp. 438 (S.D.N.Y. 1979) ................................................................. 8, 9

*DBT GMBH and DBT America, Inc. v. J.L. Mining Co.*,
  544 F. Supp. 2d 364 (S.D.N.Y. 2008) ................................................................. 4

*District No. 1 – Pacific Coastal District v. Trinidad Corporation*,
  583 F. Supp 262 (S.D.N.Y. 1984) ....................................................................... 6

*General Phoenix Corp. v. Malyon*,
  88 F. Supp. 502 (S.D.N.Y. 1949) ........................................................................ 7

*George Cohen Agency, Inc. v. Donald Perlman Agency, Inc.*,
  69 A.D.2d 725, 419 N.Y.S.2d 584 (2d Dep't 1979) ......................................... 7, 8

*Jones v. Federal Communications Commission*,
  2002 WL 2018521 (S.D.N.Y. September 4, 2002) .............................................. 2

*Karl Koch Erecting Co., Inc. v. New York Convention Center Development Corporation*,
  838 F.2d 656 (2d Cir. 1988) .............................................................................. 6, 7

*Lavan Petroleum Company v. Underwriters At Lloyds*,
  334 F. Supp 1069 (S.D.N.Y. 1971) ...................................................................... 7

*Muzak Corp. v. Hotel Taft Corp.*,
  1 N.Y.2d 42, 150 N.Y.S.2d 171 (1956) ............................................................... 4

*Proyecfin De Venezuela, S.A. v. Banco Industrial De Venezuela, S.A.*,
  760 F.2d 390 (2d Cir. 1985) ................................................................................ 6

*Rabbi Jacob Joseph School v. The Province of Mendoza*,
  342 F. Supp.2d 124 (E.D.N.Y. 2004) .................................................................. 6

*S. Leo Harmonay, Inc. v. Binks*,
  597 F. Supp 1014 (S.D.N.Y. 1984) ...................................................................... 5

*The Bremen v. Zapata Off-Shore Co.*,
  407 U.S. 1, 92 S.Ct. 1907 (1972) ......................................................................... 7

*United States Steel Corp. v. Turner Construction Co.*,
  560 F. Supp. 871 (S.D.N.Y. 1983) ....................................................................... 5

*Whitaker v. American Telecasting Inc.*,
  261 F.3d 196 (2d Cir. 2001) ................................................................................. 3

NY #1718228 v4

**STATUTES**

28 U.S.C.A § 1441(c) ................................................................................................................. 8

28 U.S.C.A. §1446(b) ................................................................................................................ 3

NY #1718228 v4

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted on behalf of Plaintiff L&L Painting Co., Inc. ("L&L") in response to the Memorandum Of Law In Opposition ("Op. Mem.") submitted on behalf of Defendant Odyssey Contracting Corp. ("Odyssey") in opposition to L&L's motion for an order remanding the instant action to New York State Supreme Court, New York County.

## ARGUMENT

### POINT I

### ODYSSEY'S OPPOSITION TO THE MOTION IS WITHOUT MERIT

#### A. Claims Subject to the Disputes Procedure Under The Prime Contract

By its opposition, Odyssey argues that at least in part, this action is subject to the dispute resolution procedure under the Prime Contract and therefore not governed by the waiver of removal clause under Article 26(b) of the Subcontract. (Op. Mem., 2-5) Odyssey further argues that the action accordingly may be removed to this Court. (*Id.; see also* Counsel's Affirmation In Opposition at ¶¶ "3" and "16"). For the following reasons, Odyssey's argument is without merit.

First, Odyssey's reading of Article 26 (b) is erroneous. While it is true that actions "subject to the Prime Contract" are "excepted" from the waiver of removal under Article 26(b) (*id.* at ¶ "3"), this does not signify that such actions may be removed to federal court. Rather, such actions may be pursued only through administrative reviews by the designated New York City agencies followed by an Article 78 proceeding in state court, as provided for by the Prime Contract.

Stated otherwise, under Article 26 (b), there are only two possible forums for an action commenced in New York Supreme Court – i.e., proceed with the action in state court or proceed

1

with the disputes procedure. Removal to federal court is not available under that Article. The reason removal is not available is that if an action is subject to the disputes procedure, such procedure is the "exclusive" means of resolving the claims and plenary actions in *any* court are precluded. (*See* L&L's prior Memorandum of Law, pp. 4-6 and the authorities and provisions of the Prime Contract and Procurement Policy Board Rules cited therein.)

Accordingly, while Odyssey makes a point of demonstrating that certain claims are governed by the disputes procedure, and in fact are presently being pursued in accordance with that procedure, the demonstration serves only to show that those particular claims are not within this Court's (or any court's) jurisdiction and may not be entertained whether on the basis of removal or otherwise. Compare *Jones v. Federal Communications Commission*, 2002 WL 2018521 *2-3 (S.D.N.Y. September 4, 2002) (district court lacked both original and final review jurisdiction regarding a regulatory agency matter). The claims said by Odyssey to be subject to the disputes procedure include the claims seeking compensation for extra work necessitated by a fire at the site on October 18, 2005 (the "Fire Claim") and certain disputed outer roadway work (the "Outer Roadway Claim"). (*See* Op. Mem., 3-5.)

There is another reason why Odyssey's allegation of claims subject to the disputes procedure is incapable of overcoming the waiver under Article 26 (b). Article 26 (b) refers to "any action between the Contractor and the Subcontractor in New York State Court." It is only an "action between the Contractor and the Subcontractor in New York State Court" that may be shown to be "subject to the Prime Contract" and, thus, outside the coverage of that Article.

The Fire Claim and Outer Roadway Claim, however, are incorporated only by the separate action Odyssey filed in this Court the day after L&L commenced the instant action in

state court.[1] Such claims are not contained in "any action between the Contractor and Subcontractor in New York State Court," and, in fact, are specifically identified by Odyssey as the Fifth and Sixth Causes of Action in its separate federal action. (Op. Mem., 4-5) In short, the contention that claims asserted in a collateral federal action are "subject to the Prime Contract" has no bearing on the contractual waiver of the right to remove *this* action – has no bearing on whether *this* action is "subject to the Prime Contract" for purposes of Article 26 (b).[2]

Odyssey seeks to support the references to its separate federal action by stating its expectation that such action will be consolidated in some manner with L&L's instant action at some point in the future. (*See* Counsel's Affirmation In Opposition at ¶ "4.") However, in addition to being speculative and erroneous (*see* fn. "2" *supra*), the assumption of a "consolidated" action still would not meet the element of an "action in New York State Court" under Article 26 (b) even if that assumption were accepted. Such "consolidated" action would be a "New York State Court Action" only if the further, and self defeating, assumption is made that this motion already has been granted and Odyssey's claims have been joined with the remanded action after transfer back to state court.

B.   **Claims Against L&L**

In addition to the claims governed by the disputes procedure, Odyssey points to other claims it asserts directly against L&L that are not covered by the disputes procedure under the Prime Contract. Included within this second category are claims for L&L's alleged non-

---

[1]   *See* L&L's principal moving affidavit at ¶ "11"

[2]   Analogously, matters outside the "initial pleading" under 28 U.S.C.A. §1446(b) may not be cited as a basis for removal. This is particularly true with respect to a Summons With Notice filed in state court. *See Whitaker v. American Telecasting Inc.*, 261 F.3d 196, 206, (2d Cir. 2001), in which removal was denied on the ground that the Court's alleged diversity jurisdiction was not reflected in the Summons With Notice – a point that is present in this fact pattern as well.

payments for work performed, and, separately, for L&L's alleged breaches in connection with the Fire and Outer Roadway Claims and other disputed items. Odyssey contends that these claims are "subject to the Prime Contract" based on the "incorporation" of provisions of the Prime Contract into the Subcontract.[3] (Op. Mem., 2, 5)

Here, again, however, the argument is in error. First, as was true of the claims subject to the disputes procedure discussed above, these claims asserted directly against L&L are included only in Odyssey's separate federal action and have no bearing on the question whether *this* action is "subject to the Prime Contract." (*See* Op. Mem., pp.4-5.)

In any event, the contention that the action is "subject to" the Prime Contract based on the incorporation of provisions of the Prime Contract into the Subcontract would render virtually all actions between the prime contractor and the subcontractor "subject to the Prime Contract," and thus outside the coverage of Article 26(b). Indeed, Odyssey alleges that "most of the rights and obligations [in the subcontract] are subject to the prime contract." (*See* Op.Mem., 5; Counsel's Affirmation In Opposition at ¶ "29.") Under this view, the "exception" to Article 26 (b) (and to Article 26 generally) would nullify that entire Article itself in contravention not only of basic principles of contract interpretation, but of the overarching contractual scheme which precludes the removal of existing state court actions at all tiers of the Project. *See, e.g., DBT GMBH and DBT America, Inc. v. J.L. Mining Co.*, 544 F. Supp. 2d 364, 377-378, (S.D.N.Y. 2008), *citing Muzak Corp. v. Hotel Taft Corp.*, 1 N.Y.2d 42, 150 N.Y.S.2d 171 (1956); Prime Contract Article 65.5.2; Subcontract Article 26 (b).

---

[3]   L&L assumes *arguendo*, only for purposes of this motion and without any prejudice, that Odyssey may assert claims directly against L&L.

### C. Waiver of Removal Under The Prime Contract

Even assuming *arguendo* that the claims discussed in subpart "B" are "subject to the Prime Contract," it was previously shown that such claims would then be subject to Article 65.5.2 of the Prime Contract, containing the same waiver of removal rights as is set forth in Article 26 (b) of the Subcontract.

Odyssey seeks to negate Article 65.5.2 of the Prime Contract by arguing that such Article is not incorporated by the Subcontract (Op. Mem., 8, *inter alia* citing *S. Leo Harmonay, Inc. v. Binks*, 597 F. Supp 1014, 1024 (S.D.N.Y. 1984)) However, the argument is not on point inasmuch as there is no issue herein concerning the "incorporation" of Article 65.5.2 into the Subcontract. The point, rather, is that under the terms of the Prime Contract itself -- if the instant action were "subject to" the Prime Contract -- the action would be no more capable of being removed to this Court than it is under the Subcontract.[4]

### D. The Venue and Forum Selection Clauses of the Subcontract

As a further argument in support of removal, Odyssey refers to other sub-sections of Article 26 of the Subcontract, pertaining to venue and forum selection. (Op. Mem., 6-7) Odyssey contends that these subsections permit venue of the action in this Court and do not

---

[4] Nor should Odyssey be heard to argue that the action is "subject to the Prime Contract" based on the incorporation of provisions of the Prime Contract into the Subcontract while, in the same breath, it argues that a particular provision of the Prime Contract, which is inconsistent with its position, is not so incorporated.

Further, it is noted that the *Harmonay v. Binks* case, as well as *United States Steel Corp. v. Turner Construction Co.*, 560 F. Supp. 871, 874 (S.D.N.Y. 1983) and other cited cases, do not support Odyssey's opposition to the "incorporation" of Article 65.5.2 into the Subcontract. In those cases, a generic "incorporation" clause was held to incorporate into the subcontract only the terms pertaining to the work itself. Here, in contrast, Article 26 virtually sets forth the same forum-related provisions that are contained in Article 65.5.2 of the Prime Contract and any "incorporation" is not based on any such general "incorporation" clause limited to only the "work."

5

constitute waiver of removal clauses. (*See* Op. Mem., 6-7, *inter alia* citing *Karl Koch Erecting Co., Inc. v. New York Convention Center Development Corporation*, 838 F.2d 656, 659 (2d Cir. 1988); *Rabbi Jacob Joseph School v. The Province of Mendoza*, 342 F. Supp.2d 124, 128 (E.D.N.Y. 2004).)

*Karl Koch, Rabbi Jacob Joseph* and the other cases cited by Odyssey are representative of a line of cases holding that state court venue and forum selection clauses must "clearly and unequivocally" preclude a federal forum in order to be read as waiving the right to remove an action to federal court. Such cases, however, are concerned with the question whether a venue or forum selection clause "clearly and unequivocally" implies a waiver of removal because in those cases there is no specific, explicit waiver of removal rights. In the instant case, in contrast, there is a specific, explicit waiver of removal rights and the cases cited by Odyssey are inapposite.

Thus, in *District No. 1 – Pacific Coastal District v. Trinidad Corporation*, 583 F. Supp 262, 266 (S.D.N.Y. 1984), this Court noted that certain precedents cited by one of the parties "... did not deal with an *explicit waiver [of removal] as such* but rather with the *implications* of the service of suit clause," and declined to apply those precedents (emphases added). In *District No. 1*, the contract explicitly provided that neither party "will seek removal from the courts of the State of New York to the federal courts ..."; and that the parties "hereby expressly waive their right to seek such removal...." 583 F. Supp. at 263. Here, as in *District No. 1*, the "explicit" waiver under Article 26 (b) is controlling and renders any question of an implied waiver of removal inapplicable.

*See also Karl Koch, supra*, 838 F.2d at 659 (state court action was not "literally precluded" by contractual language*); Proyecfin De Venezuela, S.A. v. Banco Industrial De Venezuela, S.A.*, 760 F.2d 390, 397 (2d Cir. 1985) (a "forum selection clause that merely puts

6

jurisdiction in either a federal or state court does not constitute an express or implied waiver of the ... right to remove...."); *Rabbi Jacob Joseph, supra*, 342 F. Supp.2d at 128 (" ... the forum selection clause ... does not contain any reference to removal....").

Odyssey additionally contends that there is a conflict between the venue provisions and the waiver of removal clause in that the former allegedly permits the original venue of the action to be in this Court whereas the latter bars removal of the action to this Court. (*See* Op. Mem., 7) However, there would be a conflict only if the Subcontract contained a mandatory federal court venue provision at the same time that it waived the right to remove an action to federal court – not the case herein. There is nothing contradictory or improper in a clause that permits an action to be commenced in either state or federal court and, once commenced in state court, provides that the action shall be kept there.[5] Compare *Lavan Petroleum Company v. Underwriters At Lloyds*, 334 F. Supp 1069, 1074 (S.D.N.Y. 1971), citing *General Phoenix Corp. v. Malyon*, 88 F. Supp. 502 (S.D.N.Y. 1949) (the clause in question " '...merely restricts the defendant to the Court in which suit is first begun against it, be it Federal or State'").[6]

Nor is there a basis for Odyssey's point that the ability to remove the action from state court depends on the "accident of who sues first" or the court in which the action is initially brought. (Op. Mem., 7, citing *George Cohen Agency, Inc. v. Donald Perlman Agency, Inc.*, 69 A.D.2d 725, 419 N.Y.S.2d 584, 590 (2d Dep't 1979), *aff'd*, 51 N.Y.2d 358 (1980)) Far from

---

[5] The venue and waiver of removal clauses under Article 26 are virtually identical to the corresponding provisions in the Prime Contract. (*See* Prime Contract, Article 65, at Ex. "A" of L&L's prior affidavit.) This coordination of the corresponding provisions in the Prime Contract and the Subcontract serves to prevent parallel or piecemeal actions in multiple courts in any dispute involving L&L, its subcontractors, and the City. Compare *Karl Koch, supra*, 838 F.2d at 660 (disapproving of "bifurcated" litigations).

[6] Though the *Lavan Petroleum* and *General Phoenix* holdings appear to question contractual clauses limiting parties to a particular forum, these decisions predate the United States Supreme Court's decision in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907 (1972), which held such clauses to be enforceable.

NY #1718228 v4

being an "accident," Article 26 (b) specifically contemplates the scenario in which L&L sues Odyssey first in state court and, in that scenario, provides that the action may not be removed. The contractual waiver which Odyssey opposes was agreed to by the parties and must be enforced by the Court in accordance with the cases cited in L&L's prior Memorandum of Law. See also Karl Koch, supra, 838 F.2d at 659-60 (non-mutual mandatory forum selection clause is enforceable); Lavan Petroleum, supra, 334 F. Supp at 1074 ("service of suit" clause enabling the assured to select the exclusive state forum was deemed to effectively waive removal to federal court).

The George Cohen Agency case cited by Odyssey is not on point because it didn't involve an express contractual forum or waiver of removal clause, but, instead, concerned the technical statutory issue of whether certain third-party actions within an interlocking series of transactions were "separate and independent claims" under 28 U.S.C.A § 1441(c). See 69 A.D.2d at 735, 419 N.Y.S.2d at 590.

### E. Odyssey's Subjective Intent

Citing *City of New York v. Pullman, Inc.*, 477 F. Supp. 438, 442 (S.D.N.Y. 1979), Odyssey further argues that L&L's counsel's moving affidavit, and its "undisclosed" subjective understanding of the waiver language under Article 26 (b), cannot be used "to establish L&L's interpretation." (Op. Mem., 8) However, Odyssey's argument conspicuously stops short of specifying the "subjective" or "undisclosed" components of the instant motion; nor can any such subjective or undisclosed components be specified. Contrary to Odyssey's understanding, the ground for remand is the explicit language of the Subcontract.

As Odyssey would have it, this motion should instead be decided based on the one page affidavit of Mr. Semanderes, President of Odyssey, alleging that he "did not understand or believe" that the Subcontract contained a waiver of the right to litigate certain actions in federal

court. Clearly, if any party has relied on "undisclosed" subjective intentions within the proscription of *City v. Pullman*, it is Odyssey itself – Odyssey's after the fact, alleged subjective lack of understanding regarding the terms of the Subcontract. Though not material for purposes of this motion, Mr. Semanderes' allegations are further refuted by the accompanying Reply Declaration of Anthony Maracic of L&L. *See City v. Pullman, supra*, 447 F. Supp. at 442 ("explicit" language of the contract controls).

## CONCLUSION

Plaintiff L&L's motion for an order remanding this action to New York State Supreme Court, New York County, should be granted together with such other and further relief as the Court deems just and proper including, without limit, the costs and fees of this motion including attorneys' fees.

Dated:   June 18, 2008
         New York, New York

Respectfully submitted,

/s/ Charles Fastenberg
Charles Fastenberg (CF 8966)
Counsel

Thelen Reid Brown Raysman & Steiner LLP
Attorneys for Plaintiff L&L Painting Co., Inc.
875 Third Avenue
New York, New York  10022
(212) 603-6589

Of Counsel:

*Charles Fastenberg*
*Jose A. Aquino*
*Meghan D. Andry* (awaiting admission)

9